# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| SHEILA CREGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00037-P |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Sheila Creggs's application for Disability Insurance Benefits under Title II of the Social Security Act. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations ("FCRs") pursuant to 28 U.S.C. § 636(b)(1)(B). On January 18, 2020, Judge Ray submitted findings and conclusions and recommended that the Court affirm the Commissioner's decision. ECF No. 18. Creggs timely filed objections to the FCRs. *See* ECF No. 19. This matter is now ripe for the Court's consideration.

The Court has reviewed de novo the Magistrate Judge's FCRs to which Plaintiff has properly objected and finds that the objections lack merit. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** and incorporates herein Magistrate Judge Ray's FCRs. The Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action.

## BACKGROUND

Creggs was born on July 25, 1964. ECF No. 14 at 3. She has a high school equivalency diploma and additional technical school training. *Id.* She filed for DIB and SSI on August 31, 2015. *Id.* at 238, 245. She alleges that her disability began on July 9, 2015. *Id.* at 85. On the alleged disability onset date, she was an individual closely approaching advanced age. *Id.* at 35. The Commissioner initially denied her claims on December 28, 2015 and denied them again upon reconsideration on May 5, 2016. *Id.* at 21. Creggs requested a hearing, which was held before Administrative Law Judge ("ALJ") Kevin Batik on June 27, 2017 in Fort Worth, Texas. *Id.* at 21, 42. The ALJ issued an unfavorable decision on October 11, 2017, finding that based on the applications for DIB and SSI, Creggs was not disabled. *Id.* at 37.

The ALJ employed the statutory five-step analysis and established during step one that Creggs had not engaged in substantial gainful activity since July 9, 2015, the alleged disability onset date. *Id.* at 23. At step two, the ALJ determined that Creggs had the severe impairments of obesity, hypertension, neurocognitive disorder, and major depressive disorder. *Id.* At step three, the ALJ found that Creggs's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 28. He found that Creggs had moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and interacting with others. *Id.* at 29. The ALJ found that Creggs had mild limitations in adapting or managing herself. *Id.* At step four, the ALJ found that

Creggs was unable to perform any past relevant work. *Id.* at 35. At step five, the ALJ found that jobs that Creggs could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. *Id.* at 35–36.

The Appeals Council denied review on November 15, 2018. *Id.* at 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

United States Magistrate Judge Hal R. Ray, Jr. issued his FCRs on January 16, 2020, recommending that the District Court affirm the decision of the Commissioner. *See* FCR, ECF No. 18. Plaintiff timely filed her objection on January 29, 2020. *See* Objection, ECF No. 19. The FCRs and Objection are ripe for the Court's review.

**LEGAL STANDARD**

The Court's review in this case is limited to determining whether the factual findings of the Commissioner—as set forth in the decision of his designee, the Administrative Law Judge (ALJ)—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). A finding of no substantial evidence is appropriate only if *no credible evidentiary choices or medical findings support the decision*. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (emphasis added) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## ANALYSIS

Before beginning its analysis, the Court notes that the tactics employed by Creggs involving sarcasm and "witty banter" do not appear to be as successful of an advocacy technique as intended. Further, it is ironic that Creggs should complain that the Magistrate Judge does not provide support from "psychological treatises, research papers, vocational texts, employer surveys, or *case law* (emphasis added)," when Creggs's objection is itself lacking much in the way of legal citation or support. Perhaps in the future, appellant will focus more on the legal basis of her arguments in her briefs and less on attempting to ridicule the decisions of federal judges that she disagrees with.[1]

The Court construes Creggs's objection as the same issue raised on appeal before Magistrate Judge Ray: that the ALJ's decision is not supported by substantial evidence because the hypothetical question that the ALJ asked the VE failed to adequately describe Creggs's mental limitations, and the ALJ failed to include those limitations in the RFC determination. *See generally* Objection, ECF No. 19. The Court finds no merit in either assertion and **OVERRULES** Creggs's objection.

---

[1] As the late jurist Eldon B. Mahon fittingly observed after his decades on the federal bench, "name-calling and personal attacks, like those present in several of the parties' filings, do little to advance a party's position and only serve to cloud the real issues before the Court." *U.S. Fleet Servs. v. City of Fort Worth*, 141 F. Supp. 2d 631, 634 (N.D. Tex. 2001). Indeed, the Texas Lawyer's Creed explicitly mandates that "[l]awyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack." Texas Lawyer's Creed—A Mandate for Professionalism, reprinted in Texas Rules of Court 723–24 (West 2017), available at https://www.texasbar.com/AM/Template.cfm?Section=Ethics_Resources & Template=/CM/ContentDisplay.cfm & ContentID=30311 (last viewed Aug. 23, 2018).

## A. The ALJ's RFC Determination Is Supported by Substantial Evidence

Creggs argues that the ALJ's RFC determination was deficient because it failed to take into account the significant limitations established in the record, as described by the psychological consultative examiner, Dr. Jensen, or the neuropsychological evaluator, Dr. Hopewell. *See* Objection at 3, ECF No. 19.

By definition, a claimant's RFC is the most she can still do despite her impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2019). The ALJ is not required to expressly state in the RFC the limitations on which the RFC is based. *Cornejo v. Colvin*, No. EP-11-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 Fed. App'x 418, 422–23 (5th Cir. 2008) (per curiam)).

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96-8p, 1996 WL 374184 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical limitations, mental limitations, and other relevant limitations. 20 C.F.R. § 404.1545. In determining the claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* § 404.1545(b). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to

understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. *Id.* § 404.1545(d).

The record indicates that the ALJ discussed evidence regarding Creggs's limitations, including the examinations conducted by both Drs. Jensen and Hopewell. *See* Tr. at 24–27, 29–34, 442, ECF No. 12-1. This shows that the ALJ considered the evidence and used his judgment in determining Creggs's RFC. A finding of no substantial evidence would be appropriate in this case only if there is no credible evidentiary sources or medical findings to support the decision of the ALJ. *Harris*, 209 F.3d at 417. The role of the Court in this situation, again, is not to re-weigh the evidence or use the Court's judgment to overturn that of the Commissioner. *See Hays*, 907 F.2d at 1456; *see also Coffman*, 829 F.2d at 517. Because the record shows that the ALJ made the proper considerations in determining the RFC, the Court finds that the RFC is supported by substantial evidence and the ALJ made no error in his findings.

## B. The ALJ's Hypothetical Question to the VE Was Proper

Creggs argues that the ALJ's hypothetical question to the VE was not supported by substantial evidence and failed to include in the hypothetical the significant limitations established in the record. *Id.* As a result, Creggs claims the hypothetical question was defective and improper to use in determining the outcome of this case. *See* Objection at 3, ECF No. 19. She argues that the ALJ

An ALJ may rely on the testimony of a vocational expert to determine whether jobs exist in the national economy that a claimant can perform. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir.1995) (holding that substantial evidence supported ALJ's determination that jobs available to claimant existed in the national economy because vocational expert testified to that effect and explained how he arrived at his conclusions). When an ALJ bases a determination of non-disability on the testimony of a vocational expert in response to a hypothetical question, the hypothetical question is defective and constitutes reversible error if either of the following is true:

1. The hypothetical question did not incorporate reasonably all disabilities of the claimant recognized by the ALJ, or

2. The claimant or his representative was not afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question).

8

*See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994).

As discussed above, the RFC was supported by substantial evidence and was therefore proper. The hypothetical question posed to the VE quoted the limitations identified in the RFC by the ALJ. *See* FCRs at 6, ECF No. 18. Therefore, the Court finds that the hypothetical question is supported by substantial evidence and satisfies both prongs established in *Bowling*. The hypothetical question, by quoting the RFC and the ALJ's findings therein, incorporates reasonably all of the disabilities recognized by the ALJ. Further, Creggs has not raised an issue about the ability to correct the deficiencies in the question by mentioning or suggesting and defects in the question. *See generally* Objection, ECF No. 19. The Court finds that the hypothetical was both supported by substantial evidence and satisfied both prongs of the *Bowling* test.

Because the Court finds that both the RFC and hypothetical question objected to are supported by substantial evidence and are proper, the Court hereby **OVERRULES** Cregg's objections to the Magistrate Judge's FCRs.

## CONCLUSION

Following the Court's de novo review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, Creggs's Objections are hereby **OVERRULED.** Judge Ray's recommendations are hereby **ADOPTED**, the Social Security Commissioner's final decision is **AFFIRMED**, and this action is **DISMISSED.**

**SO ORDERED** on this **5th day** of **January, 2020.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE